# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ARNOLD R. ANDERSON, JR.,**

       **Plaintiff,**                                            **Civil Action 2:17-cv-1057**

       v.                                                         **Judge Algenon L. Marbley**

                                                                        **Magistrate Judge Elizabeth P. Deavers**

**SHERIFF JEFF LAWLESS,** *et al.*,

       **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and Corrections, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1-3.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Undersigned finds that at this early, initial screening stage Plaintiff's claims alleging violation of the First and Eighth Amendments against Defendants Spoljarik, Hatfield, and Akers arguably state claims for relief that can be granted and, therefore, **RECOMMENDS** that those claims continue against Defendants Spoljarik, Hatfield, and Akers in their individual capacities. The Undersigned finds that the Complaint fails to state claims on which relief can be granted

with respect to all other defendants and claims. For the reasons that follow, it is

**RECOMMENDED** that the Court **DISMISS** all of Plaintiff's other claims for failure to assert any claim on which relief may be granted.

## I.

According to the Complaint, at the time of the events in question, Plaintiff was a state prisoner assigned to the Corrections and Reception Center ("CRC") in Orient, Ohio, but temporarily in the custody of the Lawrence County, Ohio, Sheriff's Department and housed in the Lawrence County Jail ("LCJ"). Plaintiff states that on December 6, 2016, he was using the LCJ phone when he and Defendant Hatfield became embroiled in a shouting match. (ECF No. 1-3 at 9.) Plaintiff further states Defendant Hatfield, Spoljarik, and Akers forced Plaintiff to the ground, where they proceeded to "hit the plaintiff several times in his torso area, head, legs, and neck." (*Id*.) According to Plaintiff, Defendant Akers "stamped on the plaintiff's right [hand] while doing so (which resulted in a fracture to the plaintiff's right hand)." (*Id*.) Plaintiff claims that, while taking Plaintiff to a restraining chair, Defendant Spoljarik intentionally caused Plaintiff to fall to the ground. (*Id*. at 10.) Plaintiff further claims that Defendant Spoljarik intentionally shackled Plaintiff improperly in order to cause additional pain and then Plaintiffs Spoljarik, Hatfield, and Akers denied him medical treatment. (*Id*. at 10-11.) Plaintiff also states that, after being placed in a restraining chair, Defendant Spoljarik intentionally caused the chair to "slam to the floor," inflicting unnecessary pain and fear. (*Id*. at 10.) According to Plaintiff, Defendants then placed him into the LCJ holding tank for approximately four hours. (*Id*. at 11.)

Plaintiff states that, at approximately midnight, he received sick call access and a grievance form. (*Id*. at 11.) According to Plaintiff, shortly thereafter, Defendant Spoljarik slammed a door into Plaintiff's head when he asked for his medication. (*Id*.) Plaintiff states that,

shortly thereafter, Defendant Spoljarik and Defendant Pruitt again placed Defendant in the restraining chair, this time in the LCJ booking area. (*Id*.) Plaintiff claims that Deputy Spoljarik, in retaliation for Plaintiff's request to file a grievance, again caused the chair to slam into the ground, causing unnecessary pain and fear. (*Id*.) Plaintiff states that Defendants then put him back into the LCJ holding tank for another four hours, when several deputies appeared to clean his wounds. (*Id*. at 12.) According to Plaintiff, one of the deputies told him that he needed to have x-rays of his arm. (*Id*.)

> Plaintiff states that, as a result of Defendants' actions, he
>
> received a fracture on his right hand and swelling arms and wrist, leg, swollen fingers, knots on the plaintiff's head front and back, face, his chin, jaw, neck, bruising to the plaintiff's torso area, lacerations on the plaintiff's head, back of left forearm, scraping of a prior wound on the plaintiff's right ear. Plaintiff also has nerve damage in his neck and left hand.

(*Id*.) Plaintiff also states that, after he returned to state custody at CRC, he received care for lacerations, a fractured right hand, and nerve damage in his neck and left hand. (*Id*. at 13.) Plaintiff further states that, after eleven months, he "still has not received an M.R.I. or test to check the nerve activity in his left hand and neck and remains in pain." (*Id*. at 14.) Plaintiff further states that "his wrist, neck, hands are stiff and do not operate properly." (*Id*. 14.) Plaintiff fears that, because of the ongoing lack of medical care, he "could lose total use of his left hand." (*Id*.)

In addition to these complaints, Plaintiff also claims that he was denied treatment for his pre-existing PTSD, his pancreatitis, and for various other conditions requiring prescription "stomach pills, cholesterol pills, and pain pills," all of which Defendants denied treatment. (*Id*.) Plaintiff also claims that Lawrence County prisoner transport vehicles caused him panic attacks and vivid nightmares due to aggravation of his PTSD. (*Id*.) According to Plaintiff, use of

3

Defendants' vehicle, an ambulance reconfigured with "wooden 2x4s, plywood, drywall screws, chicken wire for vent cover, no windows nor light in the cargo area, and exhaust fumes coming through the chicken wire vents that were cut out of the plywood," to transport prisoners constitutes actionable indifference to Plaintiff's physical and mental health. (*Id.*)

Plaintiff claims that Defendants Spoljarik, Hatfield, and Akers actively conspired to cover up the alleged unnecessary use of force. (*Id.* at 10-11.) According to Plaintiff, Defendant Hatfield shut off access to phones throughout LCJ so that other prisoners could not report what had happened. (*Id.* at 10.) Plaintiff also states that Defendant Spoljarik, while alone with Plaintiff in the LCJ holding tank, said "loud enough for someone in the booking area to hear 'he refused medical,'" even though Plaintiff affirmatively requested medical attention. (*Id.* at 11.) Plaintiff further states that Defendant Hatfield and Spljarik took pictures of his wounds, which Defendants did not produce in response to his February 1, 2017, public records request. (*Id.* at 11, 13.) Plaintiff claims that Defendants intentionally withheld medical information and incident reports from the Ohio Department of Rehabilitation and Correction. (*Id.* at 12.) Plaintiff also claims that Defendants charged him with various offenses related to the events in question and, during an internal investigation, Defendant Winters intentionally omitted interviewing or taking statements from any of the other prisoners who witnessed some or all of the events in question. (*Id.*)

Plaintiff states that on February 1, 2017, the law firm Gerhardstein & Branch, LPA, filed a public records request on his behalf. (*Id.* at 13.) Plaintiff further states that he received records of his denied grievance, which he had never received because Defendants mailed it to the wrong address. (*Id.*) Plaintiff also states that Defendants' response to the records request was incomplete because it did not contain any of the photos or video taken on December 6-7, 2016.

4

(*Id*.) According to Plaintiff, he filed an appeal of his grievance denial with Defendant Inspector Scott Flicky, which Defendant Flicky subsequently denied. (*Id*. at 14.)

Plaintiff seeks declaratory and injunctive relief with respect to Defendants' use of restraining devices and transport vehicles. (*Id*. at 17.) Plaintiff also seeks $200,000.00 in compensatory damages jointly and separately against each Defendant and $20,000.00 in punitive damages against each Defendant. (*Id*.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

[1] Formerly 28 U.S.C. § 1915(d).

5

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however,

has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## III.

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

**A. Claims against Defendants in their Official Capacity**

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent that Plaintiff brings his § 1983

7

claims against Defendants in their official capacity, therefore, they are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).[1]

**B. Personal Involvement and Respondeat Superior**

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior, *Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply

---

[1] Although Plaintiff brings suits against every other Defendant in both their individual and official capacities, Plaintiff names Defendant Lawless in his official capacity only. (ECF No. 1-3 at 7.)

because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich. 1987).

In the instant case, to the extent Plaintiff brings claims against various defendants merely because of their role as a managers, supervisor, or elected official, Plaintiff's claims have no merit. Furthermore, Defendants are not subject to liability "simply because [they] denied an administrative grievance or failed to act based upon information contained in a grievance." *Shehee*, 199 F.3d at 300. Plaintiff's Complaint fails, therefore, to give rise to a plausible inference that Defendants Lawless, Winters, Hayes, Holliday, Pratt, or Flickey were actively engaged in any unconstitutional behavior as a result of their supervisory positions or handling of Plaintiff's several grievances.

**C. First Amendment Claims**

In his Complaint, Plaintiff alleges that Defendant Spoljarik slammed a door against his head and caused plaintiff to be thrown to the ground while strapped in a restraining chair in retaliation for Plaintiff's use of the LCJ grievance system. (ECF No. 1-3 at 11.) To state a First Amendment retaliation claim, a plaintiff must allege three elements: (1) that he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Retaliation claims must include a "chronology of events from which retaliation may plausibly be inferred." *Ishaaq v. Compton*, 900 F. Supp. 935 (W.D. Tenn. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

With respect to Plaintiff's allegation that Defendant Spoljarik assaulted him in retaliation's for Plaintiff's stated intent to use the complaint and grievance system, Plaintiff has pleaded sufficient facts to state a claim upon which relief may be granted. Plaintiff alleges that he engaged in the protected conduct of filing grievances and complaints against LCJ officials. (ECF No. 1-3 at 11.) He also alleges that Defendant Spoljarik slammed a door into his head and caused him to fall to the ground while strapped to a restraining chair. (*Id.*) These actions are sufficiently adverse to deter a person of ordinary firmness from exercising his First Amendment rights. *See Thaddeus–X*, 175 F.3d at 398 (holding threats of physical violence are adverse actions). Plaintiff further alleges that Defendants' conduct was, at least in part, motivated by his filing of grievances. (ECF No. 1-3 at 11.)

### D. Eighth Amendment Use of Force Claims

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "Whether [a defendant's] alleged conduct constitute[s] excessive force in violation of the Eighth Amendment depends on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *Roberson v. Torres*, 770 F.3d 398, 406 (6th Cir. 2014) ("Corrections officers do not violate a prisoner's Eighth Amendment rights when they apply force in a good-faith effort to maintain or restore discipline." (internal quotation marks and citation omitted)). Relevant factors in this analysis include "the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response."

*Combs v. Wilkinson*, 315 F.3d 548, 556-57 (6th Cir. 2002) (internal quotation marks and citation omitted).

A claimant need not establish a "significant injury" to prove an excessive-force violation. *Wilkins v. Gaddy*, 559 U.S. 34, 37-40 (2010). The Supreme Court, however, has cautioned that the extent of the injury is still meaningful in the analysis:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. [*Hudson*, 503 U.S. at 7.] "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." *Id.* (quoting *Whitley*, 475 U.S. at 321). The extent of injury may also provide some indication of the amount of force applied. As we stated in *Hudson*, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Id.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

*Id.* at 37-38.

Plaintiff alleges that, while making a phone call at LCJ, he became embroiled in a shouting match with Defendant Spoljarik, after which Defendants Spoljarik, Hatfield, and Akers threw him to the ground, punched, kicked, and stomped on him and then threw him to the ground while strapped to a restraining chair. (*Id*. at 9-10.) Subsequently, according to Plaintiff, he sought medical attention and a grievance form, at which point Defendant Spoljarik again threw him to the ground while strapped to a restraining chair and slammed a door into his head. (*Id*. at 11.) As a result, Plaintiff claims, he suffered severe injuries to his entire body, including a broken hand, lacerations to his head, and nerve damage. (*Id*. at 13.)

The Sixth Circuit has explained the deference owed to a prison official's decision to use force in order to maintain institutional security and discipline:

> The maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law; however, a violation of the Eighth Amendment will nevertheless occur if the offending conduct reflects an unnecessary and wanton infliction of pain. Factors to consider in determining whether the use of force was wanton and unnecessary include the extent of injury suffered by an inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response.

*Combs v. Wilkinson*, 315 F.3d 548, 556–57 (6th Cir. 2002) (internal quotations and citations omitted). The court further explained:

> Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Id.* at 557.

Here, Plaintiff has alleged sufficient facts to state a claim for unreasonable application of force against Plaintiff. Plaintiff states that Defendants kicked, struck, stomped, and slammed him into the ground in response to a loud verbal exchange. (ECF No. 1-3 at 9-10.) Accepting Plaintiff's factual allegations as true, Defendants did not have a reasonable penological reason to effectuate the force. Additionally, in analyzing the extent of the injury, again accepting all of Plaintiff's factual allegations as true, Plaintiff did require and seek medical care as a result of his various injuries, several of which are allegedly severe. For these reasons, the Undersigned finds that Plaintiff has pleaded facts that, accepted as true, state a claim against Defendants Spoljarik, Hatfied, and Akers for unjustified and unreasonable force "maliciously or sadistically to cause harm." *Whitley*, 475 U.S. at 319.

**E. Eighth Amendment Conditions of Confinement Claims**

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first show facts which establish that a sufficiently serious deprivation has occurred. *Id*. Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison life do not suffice. *Id*. Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id*. at 9. A plaintiff must also establish a subjective element showing the prison official acted with a sufficiently culpable state of mind. *Id*. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

**1. Lawrence County Prisoner Transport Vehicle**

Plaintiff asserts violations of the Eighth Amendment to the Constitution arising from Defendant's use of what Plaintiff considers to be a sub-standard transport vehicle. (ECF No. 1-3 at 14.) At most, the physical conditions that Plaintiff describes amount to nothing more than a routine discomfort of prison life, considering the short distances that prisoners are transported to

13

and from a county jail to the local courthouse. *Hudson*, 503 U.S. at 8. As to Plaintiff's contention that the conditions triggered his preexisting PTSD, even assuming Plaintiff's alleged injuries meet the Eighth Amendment threshold, the facts alleged do not indicate Defendants' knowing or intentional conduct. Furthermore, even had Defendants known that Plaintiff was, at some point in history, the victim of a home invasion, that awareness does not impart the knowledge that short-distance transport in a dark space would trigger episodes of PTSD. Plaintiff's allegations in this respect, then, constitute, at most, non-actionable negligence. *Whitley*, 475 U.S. at 319.

### 2. Denial of Prescription Medication and Other Treatment

A prisoner states an Eighth Amendment claim where he is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson*, 501 U.S. at 298; *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). "In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere frustration or annoyance." *Hudson*, 503 U.S. at 9–10). Where medical assistance has been administered, such treatment must be so "woefully inadequate as to amount to no treatment at all" in order to give rise to a cause of action under § 1983. *Westlake v. Lucas*, 537 F.2d 857, 860–61 n.5 (6th Cir. 1976). Allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Byrd v. Wilson*, 701 F.2d 592, 595 n. 2 (6th Cir. 1983); *Westlake*, 537 F.2d at 860–61 n.5. Furthermore, "[w]here a prisoner alleges only that the medical care he received was inadequate, federal courts are generally reluctant to second guess medical judgments." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citing *Westlake*, 537 F.2d at 860 n.5).

Plaintiff asserts violations of the Eighth Amendment to the Constitution arising from Defendants' failure to give him certain drugs necessary to treat a variety of ailments, including PTSD, cholesterol, stomach, and pain. (ECF No. 1-3 at 6, 14.) Plaintiff, however, does not plead that any of the named Defendants intentionally withheld his medication. (*Id.*) Plaintiff makes vague allegations that the medications "were sent to the jail," but "never received" by Plaintiff. (*Id.*) Plaintiff does not allege that any Defendant, rather than unnamed medical staff, made the decision to deprive him of necessary medical care. Neither has Plaintiff alleged exactly how the temporary denial of these medications constitutes a "health threat." *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). Plaintiff's naked assertion that the unnamed medications are medically necessary is not sufficient to make out a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678. With respect to the injuries Plaintiff sustained during the alleged uses of force, Plaintiff admits that he received medical care when he was returned to CRC. (ECF No. 1-3 at 13.) To the extent Plaintiff intends to make an Eighth Amendment claim with respect to medical care at CRC, he has failed to name any Defendant in this matter responsible for that care. (ECF No. 1-3 at 14.) Even assuming that his allegations are true, therefore, the Undersigned finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief can be granted against any of the named Defendants.

## IV.

For the reasons stated above, the Undersigned **RECOMMENDS** that Plaintiff's First Amendment retaliation and Eighth Amendment use of force claims continue against Defendants Spoljarik, Hatfield, and Akers in their individual capacities. Furthermore, it is **RECOMMENDED** that the Court **DISMISS** all of Plaintiff's other claims for failure to assert any claim on which relief may be granted.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: December 21, 2017                              /s/ *Elizabeth A. Preston Deavers*
                                                    ELIZABETH A. PRESTON DEAVERS
                                                    UNITED STATES MAGISTRATE JUDGE